IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ANDRES M. BANUELOS, #1490925 | § | |
| VS. | § | CIVIL ACTION NO. 6:20cv59 |
| DIRECTOR, TDCJ-CID, ET AL. | § | |

## REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Andres M. Banuelos, a prisoner currently confined at the Terrell Unit within the Texas Department of Criminal Justice (TDCJ) proceeding *pro se* and *in forma pauperis*, filed this civil-rights proceeding pursuant to 42 U.S.C. § 1983. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the proceedings. For the reasons explained below, the Court recommends that Plaintiff's lawsuit be dismissed, with prejudice, under 28 U.S.C. § 1915A.

**I. Banuelos's Complaint**

Banuelos maintains that a variety of prison officials violated his constitutional rights while he was housed at the Powledge Unit. Specifically, he explains that he slipped and fell while in the prison shower and suffered a significant injury to his leg requiring surgery. Banuelos states that on February 18, 2018, he was "permitted along with many other inmates to go and shower," (Dkt. #1, pg. 2. Upon his arrival to the shower room, the main door to the room was closed and locked; Banuelos then lined up with other prisoners who also arrived there ahead of time and were waiting for officers to open the door. Lt. Carnes arrived within five minutes to open it.

As Banuelos was walking toward the shower room door, he "slipped and fell real hard on the concrete floor due to the standing puddle of water that was left un-mopped and was not visible

1

[sic] seen by neither me or any other inmate due to the poor lighting," (Dkt. #1, pg. 2). He began screaming with agonizing and excruciating pain in his right leg. With Banuelos unable to move, Lt. Carnes and Officer Pickle heard him scream and rushed to his assistance and "at the same time called for medical staff to see about my injury." *Id*.

Banuelos asserts that he was immediately taken to Palestine Regional Hospital, but the hospital was unable to assist with his injury. He was transported to the East Texas Medical Center. A series of X-rays were taken, which revealed a fracture of his right femur and he was admitted to the hospital for surgery. Surgery was performed the following day, and he was discharged from the hospital on February 18, 2018. He was then transferred to the Beto Unit "for my intensive care of my injury and placement in a wheelchair." *Id*. at pg. 3. Banuelos seeks damages and an order directing Defendants to repair the roof of the Powledge Unit.

**II. Legal Standards**

Under 28 U.S.C. § 1915A, a court shall review any complaint in a civil action wherein a prisoner seeks redress from a governmental entity or officer, or employee of a governmental entity. During its review, the court must identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or

baseless facts—and dismiss the complaint. *See Henry v. Kerr Cnty., Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v, FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is **not** akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

Although all well-pleaded facts are taken as true, the district court need not accept true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. Nov. 7, 2012) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*.

**III. Discussion and Analysis**

The Court understands that Banuelos is bringing a claim for Defendants' alleged failure to protect him from serious harm in violation of the Eighth Amendment when he slipped and fell inside the shower room. However, while the incident described is unfortunate, Banuelos has pleaded nothing more than negligence.

The Eighth Amendment's prohibition against and unusual punishment requires prison officials to protect prisoners from known, serious threats to prisoner safety; however, not every injury suffered by a prisoner rises to the level of a constitutional violation. *See Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)). The deliberate indifference standard is very difficult to meet. *See Domino*, 239 at 756. The Supreme Court has explained:

> [A] prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of an disregards an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that as substantial risk of serious harm exists, and he must also draw the inference. …
>
> But an official's failure to alleviate a significant risk which he should have perceived, but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Farmer*, 511 U.S. at 837-38. The Court further explained that prison officials who have actual knowledge of a risk of harm may not be held liable if "they responded reasonably to the risk, even if the harm ultimately was not averted." *Id*. at 844-45 ("[P]rison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause."). Crucially, in order to show that prison officials were deliberately indifferent to a prisoner's need for protection, the prisoner must prove "that the official *actually knew* of a substantial risk of serious harm and *failed*

4

to act." *Adeleke v. Heaton*, 352 F. App'x 904, 907 (5th Cir. 2009) (per curiam) (unpublished) (emphasis added).

Negligence on the part of prison officials does not rise to the level of a constitutional violation. *Farmer* at 835. Under an Eighth Amendment analysis, the Fifth Circuit rejected a prisoner's similar claims of deliberate indifference based on injuries he sustained in a fall after officials failed to repair leaks in pipes that caused puddles of water in *Atkins v. Sheriff's Jail Avoyelles Parish*, 278 F. App'x 438 (5th Cir. 2008). The Fifth Circuit held that the actions attributed to jail officials amounted to nothing more than "unreasonableness or negligence, neither of which establishes an Eighth Amendment violation." *Id.* at 439.

Here, as in *Atkins*, Banuelos complains of a slip and fall that sounds in negligence. Banuelos does not allege that the defendants had any subjective intent to cause him harm. At most, his claims would amount to negligence. *See e.g.*, *Noble v. Grimes*, 350 F. App'x 892, 893 (5th Cir. 2009) (unpublished per curiam) (prisoner's complaint for injuries to head sustained as result of slip and fall in standing water in prison shower area amounted to negligence at most and was insufficient to raise claim of deliberate indifference to substantial risk of serious harm, even though defendants were aware of standing water and failed to take preventive action).

Likewise, in *McLaughlin v. Farries,* 122 F. App'x 692 (5th Cir. 2004) (unpublished), an inmate complained that a leaky air conditioner caused water to accumulate on the floor of his cell, and that the defendants knew about this and negligently failed to take action. The inmate slipped and fell in the water, injuring himself. The Fifth Circuit held that the inmate's claim was one of negligence, which was not actionable under section 1983. *See also Marsh v. Jones,* 53 F.3d 707, 711–12 (5th Cir. 1995) (no remedy under section 1983 for prisoner's injury sustained in a slip and fall); *Benton v. Grant,* 31 F. App'x 160 (5th Cir. 2001) (unpublished) (no remedy under section

1983 for injuries sustained in jail slip and fall or for claim that defendants knew of leak in ceiling and failed to repair it).

Here, Banuelos describes an unfortunate incident wherein he slipped and fell inside the shower room at the Powledge Unit. He states that it is well-known that the roof leaks when it rains and that prison officials failed to repair the leak—rendering the Unit unsafe when it rained on the day of the incident. Banuelos slipped and fell when he encountered a standing puddle of water and suffered a broken femur.

Like in *McLaughlin* and *Atkins*, however, even if Defendants were aware that the roof leaked when it rained and failed to repair it, Banuelos's claim is one of negligence rather than a constitutional violation. *See Coleman v. Sweetin*, 745 F.3d 756, 764 & n.7 (5th Cir. 2014) ("[T]he existence of slippery conditions in any populous environment represents at most ordinary negligence rather than a condition so threatening as to implicate constitutional standards."); *Andrews v. Belt*, 274 F. App'x 359, 360 (5th Cir. 2008) (unpublished) ("Andrews's assertion that the defendant may have known about the leaky toilet but failed to repair it at most alleges negligence, which is not actionable under § 1983."). Accordingly, Banuelos's claims fail to state a claim upon which relief may be granted.

Traditionally, district courts are required to permit a *pro se* plaintiff an opportunity to amend his complaint or claim before dismissing the case. However, giving a plaintiff an opportunity to amend is not necessary if he has pleaded his "best case," such that an amended claim would remain frivolous. *See Norman v. Tex. Court of Criminal Appeals*, 582 F. App'x 430, 431 (Mem) (5th Cir. 2014) (unpublished); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).

Here, a review of Banuelos's initial complaint—wherein he raises a negligence claim based on a slip and fall—shows that any attempt to amend this claim against would still result in the same analysis. *Coleman*, 745 F.3d at 764 (explaining that "slip-and-fall claims almost never serve as the predicate for constitutional violations."); *Marsh*, 53 F.3d at 712 (noting that slip-and-fall claims present "garden-variety negligence claim[s] … not actionable under section 1983."). In other words, Banuelos has not shown that any attempt to amend this complaint would have resulted in a different analysis. Therefore, the Court declines to afford him an opportunity to amend.

## RECOMMENDATION

Accordingly, it is recommended that Banuelos's civil rights lawsuit be dismissed, with prejudice, for the failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 30th day of August, 2022.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE